UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-170 (MJD/EMB)

---

United States of America,

Plaintiff,

v.

Alan Barbu Kargbo,

Defendant.

**MOTION TO DISMISS**

---

The Defendant, Alan Barbu Kargbo, by and through his attorney, Erica Davis, respectfully move the Court, pursuant to Rule 12(b)(1) of the Federal Rules of Criminal Procedure, to dismiss Count 2 of the Indictment. This is a purely legal argument and there is no factual determination is required in deciding this Motion. The Court will easily come to understand that 18 U.S.C. § 611 is unconstitutional and therefore void and that Mr. Kargbo may not be prosecuted pursuant to an unconstitutional statute.

## I. Facts and Background

On September 24, 2026, the government Indicted Mr. Kargbo with Count 1 – False Claim of Citizenship in Order to Vote) in violation of 18 U.S.C. § 1015(f); and, Count 2 – Voting by Alien in violation of 18 U.S.C. § 611. The government alleges that on November 5, 2024, Mr. Kargbo voted in the Presidential election. The Indictment states that he was not a US citizen when he allegedly voted.

## II. 18 U.S.C. § 611 is unconstitutional as it exceeds Article I's enumerated powers because Congress is not authorized to establish voter eligibility

Under the United States Constitution, "[…] the National Government possesses only limited powers; the States and the people retain the remainder." *Bond v. United States*, 572 U.S. 844, 854 (2014). Congress only has authority to enact laws "necessary and proper for carrying into Execution" its enumerated powers. *Id.* (quoting U.S. Const., art. I, § 8, cl. 18). A crime committed within a State "cannot be made an offense against the United States, unless it [had] some relation to the execution of a power of Congress." *Id.* (quoting *United States v. Fox*, 95 U.S. 670, 672 (1978)). Congress cannot enact criminal laws unless they are correlated to an enumerated power.

There is nothing in the Constitution that authorizes Congress to exclude certain groups of people from voting. No enumerated power in the Constitution or its Amendments allows Congress to establish voter qualifications such as 18 U.S.C. § 611. That power was retained by the States when the Founders drafted the Constitution. *See Gamble v. Untied States*, 587 U.S. 678, 688 (2019).

## III. The U.S. Constitution does not authorize Congress to establish voter qualifications.

The Constitution grants the States, and the States alone, the general power to set voter qualifications in federal elections. The text of the Constitution is clear on this point and must be followed. *United States v. Rahimi*, 602 U.S. 680, 715 (2024) (Kavanaugh, J., concurring); *see also Lake Cty. v. Rollins*, 130 U.S. 662, 670 (1889).

In federal congressional elections, voters' qualifications are a function of each State's rules. *See Katzenbach*, 384 U.S. at 647. And in Presidential elections, the States have the prerogative to establish whatever rules for selecting electors they see fit. *See Bush*, 531 U.S. at 104.

The Voter Qualifications Clauses of the Constitution do not authorize Congress to determine which groups of people are allowed to vote. Article I provides that in elections for the U.S. House of Representatives, "the Electors in each State shall have the Qualifications requisite for Electors of the most numerous Branch of the State Legislature." U.S. Const. art. I, § 2, cl. 1. The Seventeenth Amendment later applied the same requirement to U.S. Senate elections. U.S. Const. amend. XVII. These constitutional provisions offer a *limited* right to vote: anyone eligible to participate in a state legislative election must also be allowed to participate in that state's federal elections. *See United States v. Classic*, 313 U.S. 299, 314-15, 325 (1941) (holding that under Article I's Voter Qualification Clause, qualified voters have a constitutional right to have their votes counted in federal primary elections for the U.S. House). By tying federal voting rights to state voting rights, the Framers provided *who* could vote in federal elections— without dictating voter qualifications to the States.

Voter qualifications are prescribed by the States. *See* U.S. Const. art. I, § 2, cl. 1; U.S. Const. amend. XVII. The Voter Qualification Clauses grant the States the *exclusive* power to determine voter qualifications. *See Arizona v. Inter Tribal Council of Arizona, Inc., 570 U.S. 1, 17 (2013)* (explaining that the Voter Qualification Clauses "explicitly"

regulate voter qualifications and "clear[ly]" state what Congress "cannot control" (citation and quotation omitted)).

Although the government may disagree, 18 U.S.C. § 611 is a voter qualification statute – it dictates who may vote in a federal election. *See ITCA*, 570 U.S. at 16. It is not a law under the Immigration and Nationality Act or other type of law that Congress could enact. Section 611's "unless" clause omits from the statute's ambit certain state and local elections. 18 U.S.C. § 611(a)(1)–(3). That intentional omission is powerful textual evidence that the statute is a voter qualification law and nothing more. If Congress really intended the statute as an exercise of its plenary authority over aliens, there's no reason it would have excluded non-federal elections.

Further, the Suffrage Amendments do not give Congress the authority to bar a noncitizen from voting. Various post-Civil War amendments authorize Congress to pass laws prohibiting the restriction of the franchise for discriminatory reasons, yet these statutes do not independently authorize Congress to set or establish voter qualifications. Nor can it be said that § 611 is authorized by the Enforcement Clauses in any of these Amendments. Congress unilaterally prohibiting noncitizens from voting has nothing to do with ensuring that people are not impermissibly disenfranchised on the basis of race, sex, the inability to pay a poll tax, or age. *See Flores*, 521 U.S. at 520 (explaining that Congress's power to legislate pursuant to the Fourteenth Amendment's Enforcement Clause must be congruent to the constitutional injury to be remedied).

The "Framers intended the Elections Clause to grant" the States and Congress the "authority to create procedural regulations[.]" *U.S. Term Limits, Inc. v.*

*Thornton*, 514 U.S. 779, 832 (1995); *id.* at 833–34 ("[T]he Framers understood the Elections Clause as a grant of authority to issue procedural regulations, and not as a source of power . . . to evade important constitutional restraints."). The Elections Clause gives Congress the authority to regulate only the *when*, *where*, and *how* of voting, it does not authorize § 611's restriction on *who* can vote.

## IV. Conclusion

Deciding voting qualifications "forms no part of the power to be conferred upon the national government by the Elections Clause." *Inter Tribal Council*, 570 U.S. at 16 (citation and quotation omitted). Because § 611 is unauthorized by the Constitution and usurps powers granted exclusively to the States, the statute is facially unconstitutional. Therefore, Count 2 of the Indictment in this case must be dismissed.

This motion is based on the indictment, the records and files in the above-entitled action, and any and all other matters which may be presented prior to or at the time of the hearing of said motion.

Dated: November 11, 2026

Respectfully submitted,

/s/ *Erica E. Davis*
Erica Davis, Att'y #0393610
Davis and Egberg, PLLC
3109 Hennepin Avenue South
Minneapolis, MN 55408
(612) 351-2155
Erica@davisabdegberg.com

Attorney for Defendant Kargbo